NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE MARINI Y COMPANIA, S.A.,**
*Appellant*

---

2025-1530

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Nos. 97533381, 97533403, 97548370, 97548401.

---

Decided:  July 1, 2026

---

JOSEPH S. HEINO, Amundsen Davis LLC, Milwaukee, WI, for appellant.

ERICA JEUNG DICKEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee John A. Squires.  Also represented by NICHOLAS THEODORE MATICH, IV, ROBERT J. MCMANUS, MARY BETH WALKER, GIULIO ERNESTO YAQUINTO.

---

Before HUGHES and CUNNINGHAM, *Circuit Judges*, and
BURROUGHS, *District Judge*.[†]

PER CURIAM.

Marini y Compañía, S.A. appeals a decision of the United States Trademark Trial and Appeal Board affirming the refusals to register Marini y Compañía, S.A.'s MON AMI marks. Marini y Compañía, S.A. challenges the Board's factual determinations as to the similarity of the marks pursuant to *DuPont* factor one. Because the Board's determination that the MON AMI marks are similar to a previously registered mark, AMÌ, is supported by substantial evidence, we affirm.

I

In August 2022, Marini y Compañía, S.A. (Marini) applied to register the following marks:

MON AMI (in standard characters) for use with "[e]dible pet treats" in International Class 31. U.S. Trademark Application Serial No. 97/533,381 (filed Aug. 3, 2022).

for use with "[e]dible pet treats" in International Class 31. U.S. Trademark Application Serial No. 97/533,403 (filed Aug. 3, 2022).

MON AMI NATURAL DOG TREAT (in standard characters) ("Natural Dog Treat" disclaimed) for use with "[e]dible pet treats made in whole or substantial part of natural ingredients" in International Class 31. *In re Marini y Compañía, S.A.*, No. 97533381 et al., 2025 WL 270578, at *1 & n.3

---

[†]    Honorable Allison D. Burroughs, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

(T.T.A.B. Jan. 8, 2025) (citing U.S. Trademark Application Serial No. 97/548,370 (filed Aug. 15, 2022)).

**MON AMI** NATURAL DOG TREAT ("Natural Dog Treat" disclaimed) for use with "[e]dible pet treats made in whole or substantial part of natural ingredients" in International Class 31. *Id.* at *1 & n.4 (citing U.S. Trademark Application Serial No. 97/548,401 (filed Aug. 15, 2022)).

The Examining Attorney refused to register the marks on the ground that the MON AMI marks, used in connection with the services above, were likely to be confused with "AMÌ," an unrelated registered mark. J.A. 280–86; J.A. 809–15; J.A. 1396–1403; J.A. 2040–47. The "AMÌ" mark is classified under "[f]oodstuffs for animals" in International Class 31, which also includes the narrower "edible pet treat" classifications used by the Marini marks. *See In re Marini*, 2025 WL 270578, at *1, *3. Marini appealed the final refusals by the Examining Attorney to the Board.

In its response to the first non-final office actions, and in its request for reconsideration and appeal brief to the Board, Marini cited to an English translation of "AMÌ." Marini also cited to a prior statement by the registrant for AMÌ in response to an English translation request in a separate proceeding, stating that:

> In the Italian language both the trademark and AMI cannot be translated into English. However, we know that AMI (without an accent on I) (the mark includes an accent on I) in French means friend.

J.A. 91 n.1; J.A. 614 n.1; J.A. 1210 n.1; J.A. 1852 n.1.

Due to the four marks' similarity, the Board addressed all four appeals in one final decision. *See In re Marini*,

2025 WL 270578, at *2 ("[A]lthough the appeals have not been formally consolidated, we will address all four appeals in this opinion."). The Board determined that all but the sixth factor set out in *In re E.I. DuPont DeNemours & Co.*, 476 F.2d 1357, 1361 (C.C.P.A. 1973) weighed in favor of likelihood of confusion. *In re Marini*, 2025 WL 270578, at *2–14. The Board determined that factor six—the number and nature of similar marks in use on similar goods—was neutral. *Id.* at *9–13. In evaluating the literal components of the marks, the Board compared the AMÌ mark with the following Marini mark, which the Board determined would have the most possible points of distinction from the registered mark:



*Id.* at *2–3. Because the Board determined that the *DuPont* factors favored a likelihood of confusion between this mark and the AMÌ mark, it determined that the remaining three marks (which the Board determined have fewer points of distinction) would also likely be confused by consumers with the registered AMÌ mark. *Id.* at *13–14.

Marini appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## II

Under the Lanham Act, a mark may be refused registration on the principal register if it is "likely, when used on or in connection with the goods of the applicant, to cause confusion" with another's registered mark. 15 U.S.C. § 1052(d). "Likelihood of confusion is a question of law with underlying factual findings made pursuant to the *DuPont* factors." *StonCor Grp., Inc. v. Specialty Coatings, Inc.*, 759 F.3d 1327, 1331 (Fed. Cir. 2014). "Each of the [thirteen] *DuPont* factors presents a question of fact, findings with regard to which we test for substantial evidence when

called into question on appeal." *Bose Corp. v. QSC Audio Prods., Inc.*, 293 F.3d 1367, 1370 (Fed. Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938). The Board need not consider every *DuPont* factor, only those "that are relevant and of record." *M2 Software, Inc. v. M2 Commc'ns, Inc.*, 450 F.3d 1378, 1382 (Fed. Cir. 2006).

## III

On appeal, Marini primarily challenges the Board's factual findings as to *DuPont* factor one: the similarity of the marks. The first *DuPont* factor assesses the "similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression." *DuPont*, 476 F.2d at 1361. "The proper test is not a side-by-side comparison of the marks, but instead whether the marks are sufficiently similar in terms of their commercial impression such that persons who encounter the marks would be likely to assume a connection between the parties." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368 (Fed. Cir. 2012) (cleaned up). When the goods at issue are identical, "the degree of similarity necessary to support a conclusion of likely confusion declines." *In re Viterra Inc.*, 671 F.3d 1358, 1363 (Fed. Cir. 2012) (quoting *Century 21 Real Est. Corp. v. Century Life of Am.*, 970 F.2d 874, 877 (Fed. Cir. 1992)).

Marini's challenges to *DuPont* factor one center around (1) the Board's treatment of the accent over the "I" in AMÌ and (2) the word "MON." Marini first argues that the Board ignored the accent mark over the "I" in "AMÌ" and failed to consider the AMÌ registrant's full response to the Examining Attorney's English translation request. In essence, Marini appears to argue that, because the AMÌ mark has a grave accent mark and its registrant stated that it had no literal translation from Italian to English, that it was

somehow error for the Board to find similarity with the MON AMI mark, which does not include a grave accent mark and which translates to "my friend" in English.

The Board, however, considered Marini's arguments regarding the accent mark, and properly relied on our precedent in *Viterra* to conclude that "[e]ven were [the Board] to assume that the registrant [of the AMÌ mark] intended for the grave accent over the 'I' to have some sort of impact on how consumers pronounce the word, it is also well settled that 'consumers may pronounce a mark differently than intended by the brand owner.'" *In re Marini*, 2025 WL 270578, at *7 (quoting *Viterra*, 671 F.3d at 1367). Thus, Marini's challenges to the Board's factual findings fail to establish that the Board's determination is unsupported by substantial evidence.

Marini also argues that the Board failed to assign the proper weight to "MON" in its marks, and "eliminated and minimized its reference to the word 'MON' in the MON AMI [m]arks whenever and however it could." Appellant Br. 16. But "[i]t is not improper for the Board to determine that, for rational reasons, it should give more or less weight to a particular feature of a mark." *QuikTrip W., Inc. v. Weigel Stores, Inc.*, 984 F.3d 1031, 1035 (Fed. Cir. 2021) (cleaned up). The Board relied on the fact that all of Marini's marks contained translation statements that indicated "MON AMI" means "my friend." *In re Marini*, 2025 WL 270578, at *5. The Board declined to find that "AMI" was the dominant feature when determining the commercial impression created by Marini's mark because "the term 'AMI' means 'friend' in both marks, and 'MON' adds nothing to the impression of [Marini's] mark except to reinforce that meaning." *Id.* at *6. The Board further found, whether "AMI" or "MON AMI" is the "dominant literal portion of Applicant's mark," the mark's "meaning is similar to the word AMI in the registered mark." *Id.* On appeal, Marini's arguments fail to identify any reversible

error in the Board's analysis. *Cf. Consol. Edison*, 305 U.S. at 229.

## IV

We have considered Marini's remaining arguments and find them unpersuasive. The Board's factual findings are supported by substantial evidence, and Marini fails to demonstrate otherwise. For the reasons above, we *affirm* the Board's decision.

## AFFIRMED

## Costs

Costs to Appellee.